HUGHES v. SPRUANCE.

1. PAROL EVIDENCE — A PLAINTIFF NOT INTERESTED IN THE SUBJECT-MATTER OF A CONVERSATION NOT ENTITLED TO BE PRESENT THEREAT.— In a suit against an attorney upon a note given by him to the plaintiff, who was then surety for defendant's client, in order to obtain a balance of deposit in the surety's hands belonging to his client, and to indemnify the surety against further liability, evidence of a conversation between the client, his attorney and the witness, tending to prove a verbal assignment by the client to his attorney of the balance of the deposit, is competent, although occurring in the absence of the plaintiff, it appearing that the plaintiff incurred no further liability by reason of his suretyship.

2. PROMISSORY NOTE — FAILURE OF CONDITION.— A promissory note given to indemnify one against a threatened liability is not a valid obligation where no such liability has been incurred.

*Appeal from District Court of Clear Creek County.*

Messrs. W. T. HUGHES and L. C. ROCKWELL, for appellants.

Messrs. MORRISON & FILLINS, for appellee.

RICHMOND, C. In this action plaintiff, Spruance, sought to recover the sum of $266, evidenced by the following promissory note: "$267. January 27, 1881. On demand, we promise to pay to the order of William Spruance and Hutchinson $266, without interest. W. T. HUGHES."

Defendant answers, denying that there was anything due

to either Spruance or Hutchinson, and alleges that Hutchinson had no interest in said note, and never had. That the real owner and holder was and is William Spruance. That the mention of Hutchinson's name in the note was an inadvertent act. That on the 21st of February, 1879, one Trevarrow was under arrest and ordered to give recognizance bonds. That Spruance became the surety on two bonds of the above character in the penal sum of $500 each. That, in consideration of Spruance becoming such surety, there was deposited with Spruance a certificate of deposit of the value of $1,400, with the understanding that Spruance was to save himself harmless as such surety, and, after a full discharge of the obligation arising under the bonds, if there remained any part of the proceeds of the said $1,400, such balance was to be paid to appellant, who was acting as attorney for said Trevarrow in said proceedings. That Spruance has been relieved and fully discharged from any and all obligation arising out of his said suretyship, and that out of the sum of $1,400 he paid on both of said bonds the aggregate sum of $1,134, leaving a balance in his hands of $266. Spruance turned over to Hughes this sum of $266, taking the note sued on to cover any possible liability in certain garnishee proceedings. That the garnishee proceedings were dismissed and Spruance discharged. That Trevarrow was indebted to Hughes for professional services rendered in the various proceedings; and that this balance was due to Hughes, and to be applied in payment of his claim for professional services, and that he is entitled to hold the sum of $266, and appellee herein, plaintiff below, is not entitled to recover on the note.

The facts as we gather them from the record are, in detail, as follows: Trevarrow was charged with criminal offenses, and was required to furnish bail. Spruance on the night of February 21, 1879, became surety on these bonds, taking as his security a certificate of deposit belonging to Trevarrow, then in the hands of Hughes. Thereafter Spruance returned the certificate of deposit to Hughes. Some

time afterwards, when is not positively stated in the record, Spruance received from Hughes and Strousse the certificate of deposit, Trevarrow forfeited his bail, and proceedings were instituted upon the bonds, and in settlement out of the $1,400 Spruance paid $1,134 principal, interest, and costs, leaving in his hands $266 to be accounted for. Hughes claimed the balance, but Spruance being garnished by attaching creditors, Spruance allowed Hughes, pending the garnishment proceedings, to take the $266, giving him his, Hughes', note. The garnishment proceedings being disposed of, nothing further passed between Hughes and Spruance until the institution of this suit on the note, nearly five years after the date thereof, to wit, July 16, 1886.

Verdict of the jury against appellant for the amount sued for. Motion for a new trial was overruled, and judgment entered, to reverse which judgment this appeal is prosecuted.

The assignment of error is directed to the errors of the court in rejecting evidence, and that the verdict was contrary to the evidence, and in overruling motion for a new trial. In the trial of the case Strousse was called on behalf of defendant, and testified that on February 21, 1879, Trevarrow and Hughes came to him and arranged that if he would go security for Trevarrow and Laity that Trevarrow would leave with him a certificate of deposit, which should be held for security for going on the bonds, and that if any of this money was left in his hands the balance was to be paid over to Hughes to pay him for his services. Spruance was not present at this conversation. Plaintiff moved to strike out the conversation between Trevarrow, Hughes and Strousse, Spruance not being present. The motion was sustained, and defendant excepted.

The exclusion of this testimony is assigned for error, and we think in this the court did err. It is admitted that Spruance made no personal claim whatever to the sum of $266, that it was the money of Trevarrow. If this be true,

we are unable to conceive why the presence of Spruance was necessary to the conversation detailed by Strousse between Trevarrow and Hughes, as the conversation amounts to an attempt to prove a verbal assignment of any balance remaining of the $1,400 to appellant. Save and except for the purpose of indemnifying him against any possible loss growing out of his obligation as surety upon the bonds, Spruance had no claim to the balance, and when he was discharged from the obligation the amount of money remaining in his hands belonged to either Trevarrow, who had absconded, or Hughes, and the evidence offered should have been admitted for the purpose of proving the assignment and Hughes' right to retain the money as that of Trevarrow.

The fact that this note was executed payable on demand, without interest, and for the exact sum of money remaining unappropriated in the hands of Spruance, and that no demand was made for the payment of the note until late in the year 1885, in our judgment would seem to support the position assumed by appellant.

It is unnecessary for us to consider the other errors assigned, as the conclusion here reached is that the testimony offered and excluded from the consideration of the jury tended to establish appellant's right to the $266 mentioned in the note sued upon. The money advanced to Hughes for which the note was given was not the money of Spruance; it was the money of Trevarrow, and Hughes should have been allowed the opportunity to show his title to it.

The judgment should be reversed, and the cause remanded for further proceedings.

REED and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*